The Honorable Evelyn Ammons State Representative P.O. Box 1005 Waldron, Arkansas 72958-1005
Dear Representative Ammons:
This official Attorney General opinion is rendered in response to a question you have presented concerning the powers of the Board of Acupuncture and Related Techniques, which was created by Act 816 of 1997. You have asked:
 Does the Board of Acupuncture and Related Techniques have the power to enact rules and regulations concerning reciprocal licensing?
It is my opinion that the Board of Acupuncture and Related Techniques does have the power to enact rules and regulations concerning reciprocal licensing. I base this conclusion on the plain language of the Arkansas Acupuncture Practices Act (Act 816 of 1997).
The Act gives the board broad rule-making authority. Section 12 of the Act states:
(b) The board is authorized to:
* * *
 (5) Adopt, publish and, from time to time, revise such rules and regulations not inconsistent with the law as may be necessary to enable it to carry into effect the provisions of this Act;
Acts 1997, No. 816, § 12(b)(5).
The same section of the Act also states that the board is authorized to:
 Grant, deny, renew, suspend or revoke licenses to practice acupuncture and related techniques for any cause stated in this Act.
Acts 1997, No. 816, § 12(b)(8).
Moreover, the Act states:
 Except as otherwise provided by this Act, the board shall have exclusive jurisdiction to determine who shall be permitted to practice acupuncture and related techniques in the State of Arkansas;
Acts 1997, No. 816, § 12(b)(8) (emphasis added).
Because a provision of the Act requires the board to determine who may practice acupuncture in the State of Arkansas (which duty inherently includes a determination of the issue of reciprocal licensing), and because the board is authorized to enact rules and regulations that will enable it to carry out the provisions of the Act, the board may, accordingly, enact rules and regulations addressing reciprocal licensing.
Finally, the Act gives the board the authority to charge a reciprocal licensing fee, stating:
(d) The board may charge the following fees:
* * *
 (5) reciprocal licensing, a fee not to exceed seven hundred fifty dollars ($750.00).
Acts 1997, No. 816, § 17(d)(5). The above-quoted language indicates a clear legislative intent that the board be empowered to regulate reciprocal licensing.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh